FILED

2012 AUG 23  PM 2:16

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1 | Paul Hoffman (SBN 071244)
   | Catherine Sweetser (SBN 271142)
2 | SCHONBRUN DESIMONE SPELOW
   | HARRIS HOFFMAN & HARRISON LLP
3 | 723 Ocean Front Walk
   | Venice CA 90291
4 | Telephone: (310) 396-0731
   | Fax: (310) 399-7040
5 |
   | Attorneys for Plaintiff
6 | DENIA DUFFY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV12-7258 JFW (SHx)

DENIA DUFFY

      Plaintiff,

      vs.

PAE GOVERNMENT SERVICES, INC.,

      Defendant.

CASE NO.

**COMPLAINT; JURY DEMAND; SUMMONS**

## COMPLAINT

    Plaintiff, DENIA DUFFY, for her complaint against defendant PAE, INC., states the following:

## JURISDICTION AND VENUE

    1.    This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-5(f)(1) and (3), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981 & 1981(a). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

1

Complaint for Declaratory Relief, Equitable Relief and Damages, Jury Demand

2.     At all times relevant to this complaint, the Defendant, PAE GOVERNMENT SERVICES, INC., ("PAE") was a wholly owned subsidary of LOCKHEED MARTIN, CORP ("Lockheed").  PAE is registered with the state of California and does business within the Central District and, therefore, jurisdiction and venue in proper in this Court pursuant to 28 U.S.C. §§ 91 & 1391.

3.     All conditions precedent to initiate this lawsuit have been fulfilled.

## PARTIES

4.     Plaintiff DENIA DUFFY ("Plaintiff" or "Duffy") is a resident of Texas. Ms. Duffy's race is African-American.

5.     PAE GOVERNMENT SERVICES, INC., ("PAE" or "Employer") is a foreign corporation.  PAE does business in the Central District, under Lockheed's direction and control, and has more than 15 employees.   Since 2011, PAE is a wholly owned subsidiary of the private equity firm Lindsay Goldberg, LLC.

6.     At all times relevant to this Complaint, the acts taken by PAE's agents, officers and employees described in this complaint were performed within the course and scope of their employment and on behalf of PAE.

## FACTUAL ALLEGATIONS

7.     From 2007 through August 2008, Ms. Duffy was employed by PAE.  Her work met performance expectations and her work reviews were satisfactory or above.

8.     Plaintiff was hired at the PAE office in Los Angeles, California.  Plaintiff's work team's home base was in Djibouti.

9.     Ms. Duffy is African-American and female and was subjected to discrimination, harassment, retaliation and hostile work environment by PAE because of her race and gender.

10.     During the course of her employment at PAE, Ms. Duffy was

Complaint for Declaratory Relief, Equitable Relief and Damages, Jury Demand

1 | subjected to repeated acts of gender-based and racial discrimination, retaliation

2 | and hostility by her supervisors, while employed by PAE.

3 |        11.    Ms. Duffy's team traveled from the United States to Djibouti.

4 |        12.    The composition of Ms. Duffy's team did not change for most

5 | of that time.

6 |        13.    During the time of her employment, Ms. Duffy was a frequent

7 | target of gender-based and racial discrimination and harassment, physical threats

8 | and abuse, by supervisors and co-workers.

9 |        14.    Ms. Duffy was subjected to ongoing sexual harassment and a

10 | hostile work environment, which included sexual vulgarities and touching by her

11 | supervisor, Mr. Cedric Hardy.

12 |        15.    Mr. Hardy routinely made crude unwelcome sexual comments

13 | and engaged in unwanted touching, including, without limitation:

14 |        a.    Telling Ms. Duffy that Mr. Hardy had made a bet with a

15 | co-worker related to putting "arthritis cream on his d*ck."

16 |        b.    Asking Ms. Duffy if she would consider it "cheating" on her if

17 | her boyfriend "let someone give him head."

18 |        c.    Making unwelcome sexual advances stroking Ms. Duffy's face

19 | and touching her without her permission.

20 |        d.    Using his position of authority to degrade, humiliate and

21 | demean Ms. Duffy when it became clear to him that this sexual advances were

22 | unwelcome.

23 |        e.    On December 9, 2007, Mr. Hardy discussed his remarks about

24 | the arthritis cream in the presence of Mr. Harris, the logistics manager, and Mr.

25 | Epperson, the Human Resources manager, denying he said "d*ck" and stating

26 | instead that he used the word "penis," but otherwise admitting the remark while

27 | repeating it.

28 |        16.    After reporting the harassment and hostile environment, Ms.

Complaint for Declaratory Relief, Equitable Relief and Damages, Jury Demand

1  Duffy was forced to continue working with Mr. Hardy.  Mr. Harris, Mr. Hardy's

2  friend, was assigned by Ms. Chelle Berry, a PAE Human Resources manager, to

3  investigate the events reported by Ms. Duffy.  Mr. Hardy continued harassing Ms.

4  Duffy and created a hostile work environment, during the "investigation."

5        17.    After the initial report to her supervisors on December 9, 2007,

6  in which Mr. Hardy admitted his actions, Ms. Duffy was subjected to increasingly

7  severe hostility and retaliation by Mr. Hardy and his friends.

8        18.    Mr. Hardy shouted at and demeaned Ms. Duffy in the work

9  area in front of her co-workers.

10        19.    He assigned her impossible tasks, referred to her as a "crack

11  head" and verbally abused her daily.

12        20.    The retaliation and hostility substantially affected Ms. Duffy's

13  employment and working conditions.

14        21.    It caused her such severe emotional distress that she required

15  medical care, of which PAE was fully aware.

16        22.    Mr. Hardy was permitted to continue working as Ms. Duffy's

17  supervisor, conveying the direct message that his conduct was endorsed by PAE.

18        23.    Similar complaints by other women who were not African

19  American were investigated and dealt with promptly, with the harassers being

20  removed in a few days, rather than permitting the supervisor to continue in a

21  position of authority over the target of the harassment.

22        24.    Other women reported similar harassment by Mr. Hardy,

23  including Leticia Calhoun.  After Ms. Calhoun complained of Mr. Hardy's

24  conduct, she, too, was the subject of retaliation, contributing further to the hostile

25  environment.

26        25.    Unlike Ms. Duffy, however, Ms. Calhoun was permitted to

27  transfer to another work area not under Mr. Hardy's supervision.

28        26.    After Ms. Duffy's report about Mr. Hardy's conduct, he began

Complaint for Declaratory Relief, Equitable Relief and Damages, Jury Demand

1    assigning her more work than her co-workers, including tasks that could not be
2    performed in the time allotted or existing conditions.  In February 2008, Ms.
3    Duffy contacted Ms. Chelle Berry, Human Resource Manager, in reference to a
4    sexually oriented e-mail she received from a co-worker, Kirk Francis.

5    27.    After the report, Mr. Francis openly referred to Ms. Duffy as
6    "the trouble maker".  Ms. Duffy went through months of open hostility and
7    taunting from Mr. Francis. Nothing was done to stop this harassment, hostility
8    and retaliation.

9    28.    After reporting Mr. Francis's harassment, Ms. Duffy then
10   began to be harassed by other members of her office work group.

11   29.    Mr. Francis and Ms. Katlin Cspeli would make offensive
12   remarks, bang on Ms. Duffy's desk, and turn on music on a radio to interfere with
13   Ms. Duffy's work.  Knowing she objected to such "music," Ms. Duffy was forced
14   to listen to songs laced with profanity.  When she reported these events to the
15   Human Resource Department and her manager, she was told that the allegations
16   could not be substantiated.

17   30.    Ms. Duffy was constantly blamed for any error made in the
18   office, was subjected to greater and more harsh scrutiny than her co-workers,
19   teased, badgered, humiliated and had her work intentionally impeded, daily.  Her
20   supervisors were aware of and contributed to these discriminatory and hostile acts.

21   31.    Ms. Duffy's co-workers spoke about her critically and
22   dismissively, insulting her dignity and showing great disrespect.

23   32.    Ms. Duffy was given more work than her co-workers were
24   required to do.

25   33.    Ms. Duffy's work met the expectations and requirements of her
26   job.

27   34.    Ms. Duffy spoke with a Human Resources representative on
28   March 2, 2008, regarding what was becoming unbearable daily harassment,

Complaint for Declaratory Relief, Equitable Relief and Damages, Jury Demand

1   hostility and retaliation, in the form of statements, gestures and actions that

2   interfered with her work.

3      35.   Ms. Duffy was told "watch yourself" and "check your

4   attitude."

5      36.   Ms. Duffy informed Ms. Chelle Berry, the Human Resource

6   Manager, of the discrimination, harassment and hostile environment.

7      37.   When she reported these discriminatory, harassing actions and

8   the hostile environment they created, Ms. Duffy was told by Ms. Berry that her

9   reports "could not be substantiated."

10     38.   Ms. Duffy was forced to report to the medical unit on several

11  occasions, because her blood pressure was elevated as a direct and proximate

12  result of these discriminatory, harassing, retaliatory actions and the hostile

13  environment they created.

14     39.   Ms. Duffy was prescribed an anti-depressant (Lexapro) to treat

15  the extreme emotional, psychological, physical sickness and disease she suffered

16  as a direct and proximate result of these discriminatory, harassing, retaliatory

17  actions and the hostile environment they created.

18     40.   Ms. Duffy's supervisors knew of and permitted discriminatory,

19  harassing actions and the hostile environment they created. By their tolerance and

20  inaction, these supervisors directly encouraged further discriminatory, harassing,

21  retaliatory actions and the hostile environment they created.

22     41.   Ms. Duffy's supervisors took no meaningful action to

23  investigate or eliminate the discriminatory, harassing, retaliatory actions and the

24  hostile environment they created.

25     42.   Criticism of Ms. Duffy increased, in retaliation for her reports,

26  and she had to continuously defend herself and her actions within the office.

27     43.   From March 2008 through August 2008 she suffered

28  continuous discrimination, harassment, retaliation and hostile work environment.

Complaint for Declaratory Relief, Equitable Relief and Damages, Jury Demand

44.     Instead of investigating, eliminating and preventing the discrimination, harassment, retaliation and hostile work environment, Ms. Duffy's supervisors knowingly overlooked and ignored the facts.

45.     Ms. Duffy was knowing and purposely isolated and alienated in the office by her supervisors, including Mr. Dustin Carmichael, and her co-workers.

46.     Dustin Carmichael asked all the employees in the office to write a statement regarding Ms. Duffy's work and conduct. She found Mr. Carmichael's behavior to be offensive, degrading and embarrassing.

47.     Mr. Carmichael's behavior further ostracized Ms. Duffy. Several of Ms. Duffy's co-workers were afraid to be seen talking to her out of fear of being targets of harassment, retaliation or even termination. The work environment was hostile daily and her superyisors allowed this to continue without any remedy, hoping Ms. Duffy would resign.

48.     Local Djiboutian employees told Ms. Duffy that her supervisors had instructed them not to interact with or speak with her, under threats of termination.

49.     Ms. Duffy was required to justify her daily actions, putting her under a tremendous amount of emotional, psychological and physical stress from this continuous discrimination, harassment, retaliation and hostile work environment.

50.     In June, when the loud vulgar music was again interfering with her work, Ms. Duffy reported this to Human Resource Specialist Ms. Donia Anaim. No action was taken to remedy these harassing retaliatory actions.

51.     Ms. Duffy finally contacted Mr. Jack Blakely, Program Manager, and asked that he investigate or eliminate the discriminatory, harassing, retaliatory actions and the hostile environment they created. Mr. Blakely told her an investigation was underway.

7

Complaint for Declaratory Relief, Equitable Relief and Damages, Jury Demand

52.     On or about July 26, 2008, Mr. Clemente, a medic, informed Ms. Duffy that his supervisor, Mr. Slater, told him that "you know you are going to get in trouble and lose your job." Mr. Clemente said "Why?" He was told that he would be terminated "because you are always helping Ms. Duffy."

53.     When Mr. Clemente reminded him that he was a medic assigned to provide care to Ms. Duffy, Mr. Slater asked Mr. Clemente to see if he could obtain confidential military medical information regarding Ms. Duffy.

54.     In addition to her supervisors and Human Resources personnel, Ms. Duffy reported the discriminatory, harassing, retaliatory actions and the hostile environment they created to PAE's ethics office.

55.     After her initial report, and Mr. Hardy's subsequent replacement, Mr. Epperson told Ms. Duffy's co-worker Violet Brantley that PAE had a "surprise" for Ms. Duffy and that PAE was going to use her new supervisor to "get rid of" Ms. Duffy, by assigning her work to complete on the computer and using any error to terminate her.

56.     In addition to Ms. Berry, Human Resource Manager, from February 2008 through August 2008, Ms. Duffy contacted PAE Human Resource Manager, Martha McMullen, in the United States, reporting the discriminatory, harassing, retaliatory actions and the hostile environment they created and asked for relief.

57.     Ms. Duffy also contacted the Ethics Officer, Ms. Ellen Daly, in the United States, reporting the discriminatory, harassing, retaliatory actions and the hostile environment they created and asked for relief.

58.     During her employment, Ms. Duffy observed other African-American employees were subjected to discriminatory, harassing, retaliatory actions and a hostile environment, to which White employees were not subjected, in work assignments, contract renewals and bonuses.

59.     As a direct and proximate result of the events alleged, Ms.

Complaint for Declaratory Relief, Equitable Relief and Damages, Jury Demand

1   Duffy's contract was not renewed and her employment with PAE ended on August
2   23, 2008.

3       60.    Ms. Duffy would have continued working for PAE but for the
4   events alleged.

## FIRST CLAIM FOR RELIEF

## (42 U.S.C. § 1981)

7       61.    Plaintiff incorporates by reference the paragraphs above.

8       62.    PAE has engaged in unlawful racial discrimination prohibited
9   by 42 U.S.C. § 1981. The discrimination includes differential treatment toward
10  Ms. Duffy on the basis of her race or color.

11      63.    PAE's actions were intentional.

12      64.    PAE's actions were malicious or with reckless disregard for
13  Ms. Duffy's rights protected by federal law.

14      65.    PAE's unlawful conduct has deprived Ms. Duffy of equal
15  employment opportunities and caused her economic, physical pain and sickness
16  and emotional harm for which PAE is proximately and legally responsible.

## SECOND CLAIM FOR RELIEF

## (Discrimination, Harassment, Hostile Work Environment and

## Retaliation Prohibited under Title VII)

20      66.    Plaintiff incorporates by reference the paragraphs above.

21      67.    PAE has engaged in unlawful discrimination, harassment,
22  retaliation and subjected Plaintiff to a hostile work environment prohibited by
23  Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) on the basis of her race,
24  African-American, and gender, female.

25      68.    These practices include subjecting Ms. Duffy to
26  discrimination, harassment, retaliation and to a hostile work environment based on
27  her race, African-American, and gender, female.

28      69.    Defendant has engaged in unlawful practices at its work sites in

9

Complaint for Declaratory Relief, Equitable Relief and Damages, Jury Demand

1  violation of section 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

2          70.     Defendant's actions were intentional, malicious or with reckless

3  disregard for Ms. Duffy's rights protected by federal law.

4          71.     PAE's unlawful conduct has deprived Ms. Duffy of equal

5  employment opportunities and caused her economic, physical pain and sickness

6  and emotional harm for which PAE is proximately and legally responsible.

7          WHEREFORE, Plaintiff respectfully requests judgment be entered

8  against PAE for:

9          1.      A declaration that PAE's actions were unlawful;

10         2.      General damages in an amount to be proved at trial;

11         3.      Special damages in an amount to be proved at trial;

12         4.      Punitive damages in an amount to be proved at trial;

13         5.      Injunctive relief as the Court determines proper;

14         6.      Attorneys' fees, costs of suit and pre-judgment interest; and

15         7.      Such other relief as the Court deems appropriate.

16

17

18  Dated: August 23, 2012          SCHONBRUN DeSIMONE SEPLOW

19                                  HARRIS HOFFMAN AND HARRISON LLP

20                                  By:

21                                       Paul L. Hoffman
                                         Catherine Sweetser
22                                       Attorneys for Plaintiff
                                         Denia Duffy
23

24

25

26

27

28

Complaint for Declaratory Relief, Equitable Relief and Damages, Jury Demand

1

## JURY DEMAND

2        Plaintiff hereby demands a jury on matters subject to jury determination in

3    this action.

4

5    Dated: August 23, 2012        SCHONBRUN DeSIMONE SEPLOW

6                                 HARRIS HOFFMAN AND HARRISON LLP

7                           By:_____

8                                 Paul L. Hoffman

9                                 Catherine Sweetser
                             Attorneys for Plaintiff

10                                Denia Duffy

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Declaratory Relief, Equitable Relief and Damages, Jury Demand

Paul L. Hoffman (SBN 071244)
Catherine Sweetser (SBN 271142)
SCHONBRUN DeSIMONE SEPLOW
HARRIS HOFFMAN & HARRION, LLP
723 Ocean Front Walk, Venice, CA 90291
Telephone (310) 396-0731

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIA DUFFY | CASE NUMBER |
| | CV12-7258 JFW(SHx) |
| PLAINTIFF(S) | |
| v. | |
| PAE GOVERNMENT SERVICES, INC., | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, __Paul Hoffman and Catherine Sweetser__, whose address is _723 Ocean Front Walk Venice CA 90291_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _8-23-12_

By: _____
          Deputy Clerk

          1149

          (Seal of the Court)

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)]._

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| DENIA DUFFY | PAE GOVERNMENT SERVICES, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Paul L. Hoffman, Catherine Sweetser | |
| Schonbrun DeSimone Seplow Harris Hoffman & Harrison, LLP | |
| 723 Ocean Front Walk, Venice, CA 90291    Tel: (310) 396-0731 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. §§2000e-5(f)(1) and (3), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981 & 1981(a).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV12-7258

**FOR OFFICE USE ONLY:**    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Djibouti |

***** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date   **8/23/12**

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV12- 7258 JFW (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY